Good morning, Your Honors. Thank you. My name is Jeffrey Diamond. I represent the appellants Mikhail and Pierrette Khoury. Your Honors, in 2001, the California Legislature enacted California Code of Civil Procedure, Section 340.9. And generally speaking, the intent was to avail victims of the Northridge earthquake from January 17, 1994, an opportunity to have their property damage addressed after the legislature found that in the industry, regrettably, there was a plethora of difficulties or irregularities, if you will, and in some respects abuses of victims of the earthquake, including the assertion in many respects of the statute of limitations that arises from the one-year limitations period in each contract of insurance, and as what's happened in the Khoury's case. And against this background, this Court is going to be respectfully requested to reverse a judgment arising from a dismissal from a motion to dismiss filed in the district court. Ms. Root, may I ask you a preliminary question and then a more substantive question? The preliminary question I have is, do you agree that it doesn't make any difference to the district court in this case whether California's rules on issue preclusion or Federal rules apply? Well, I'd say that generally speaking, there would be no difference. I think, of course, we are here in the Ninth Circuit, and we're working on Ninth Circuit law, and I think in the briefs there's been citation of the law. Well, yeah, and they may not be correct. So I guess my question is just going directly to the point of whether there is any difference between the two that makes a difference in the outcome of this case. I think substantively not. I think we need to look at the case itself. Okay. Then as far as the case itself is concerned, you know, I understand your argument that there were different policies and policy years involved, that the insured insurance company takes the position that 72 hours makes a difference so far as seismic events were different here. But when I look at your 1997 actions, paragraphs 23 and 9 seem to me to be claiming damages for the Northridge earthquake as well as for exacerbation or separate damage caused by the aftershock. And that's the action that was voluntarily dismissed. And I'm having a very hard time understanding how your proof in this action couldn't possibly be the same. That is, you have to show in this action that the damages were, in fact, different and separable. Well, this action would arise out of the Northridge earthquake. And certainly, I realize it wasn't counseled then. However, I'm prepared to answer that. In the unverified complaint, yes, the counsel at that time did include those allegations. They were unverified. I think that What difference does that make? Answer Judge Rimer's question, but then when you get to the end, tell me why that matters. It matters that it's unverified? Is that your honor? Okay. Well, ultimately, for proof, it may matter. I mean, a complaint, of course, is done at the outset and unverified, done by the attorney, not necessarily with full investigation done at that point in time. Certainly, the circumstances which arose prior to the filing of that complaint, that is, the denial by all states, that it was timely. And that's what begat 340.9, ultimately, in the first place. So I think that it doesn't make a difference. However, it is unverified. And certainly, on its face, one would have to concede in black and white that there were discussions of Northridge earthquake damages there. However, what I am asking the court to do, because 340.9, as has been stated by the Migliori v. Mid-Century Court, it was a special statute for a special set of circumstances. And as is chronicled in the briefs, your honors can see what these people went through. Except the problem, though, is that that statute itself excludes litigation that's been adjudicated or claims that have been adjudicated on the merits. Yes. Well, actually, if I may, your honor, it says they've been litigated to finality. Yeah, correct. And I realize the argument's made that when you dismiss prejudice, it's been litigated to finality. Again, what we have here is a series of circumstances. We have to fill in all the facts, again, which are chronicled in terms of it being deemed late by all states. Then the filing of this action. Then the dismissal in anticipation of arbitration, which the then the inception of the Sherman v. Allstate class action based upon adjustment abuses and the inclusion of the Courys as class members. They complied with all the conditions, waited two years, and then they were told they were not class members. And then the availability of 340.9. I've called it a procedural minefield, and they've kind of blown up at every step of the way. And so the difficulty here is to take the whole thing. What 340.9 is intended to do is to allow them to address their damages. If they had been class action members, they would have had it adjusted and paid. We wouldn't even be here today. And so what I'm suggesting is that the conventional rules, given the fact we didn't have any evidence introduced in the 1997 actions, the conventional rules have to be looked at in the context of what allow people such as this the opportunity to have their damages addressed. In sum, had they not done anything in 1997, we wouldn't be here. They would have had their claim. So it's really ironic. People who threw up their hands, did nothing, have had their claims addressed and paid. People who try to be proactive and to help themselves, not anticipating what themselves with damage. They paid the premiums. They complied with the conditions. And the very reason why their claim was not originally addressed, i.e., it was too late, has been addressed by the California legislature. I would respectfully like to reserve my remaining  Certainly. Thank you, Your Honors.  Thank you, Mr. Diamond. Mr. Brooks. Thank you, Your Honors. John Brooks for Allstate. If I understood Appellant's counsel correctly, he's conceded that the 1997 complaints did put in issue at the Northridge Earthquake damages. And what counsel is asking for is for this court to carve out sort of an equitable exception to what would otherwise be a straightforward race-genocotic case because of what he claims to be a procedural minefield. I would submit that under Penitentiary Department Storage v. Moody and Reed v. Allen, those U.S. Supreme Court decisions, it is not appropriate, even if this Court were persuaded that there were equitable considerations bearing in favor of the appellants, it is not appropriate for courts to carve equitable exceptions to race-genocotic. The Supreme Court has said the considerations of race-genocotic and the need for that type of predictability is the overriding factor. Exceptions cannot be made. I'd like to point out a couple of other factual matters that bear upon the question of whether 1990, whether earthquake damage, main earthquake damage was actually litigated in the 1997 proceeding, in addition to those things which are evident from the face of the complaint. I would like to call the Court's attention to the Excerpt from the Record at page 86 in which Judge Shea made factual findings that, based upon judicial notice, that Northridge earthquake damage was actually litigated in the 1997 action. I would also like to point out evidence put into the Record by the appellant in support of their motion for leave to amend that consisted of questionnaire answers in connection with the class action settlement proceedings. These are pages 146-47, 151-52, and 141-42 of the Excerpts of Record. Those are the questionnaires sent out in connection with the class action adjustment proceedings. Question one was, did you claim that your house suffered damages because of the Northridge earthquake? Answer, yes. The following question on the following page, did you file a suit about that claim? Answer, yes. Those are admissions. I submit that the 1997 suits were suits on their claim for 1994 Northridge damages. If this Court agrees that these issues were, the 1994 damages were actually at issue in the 1997 litigation, I submit that that's the end of the question. Even if there were a question about that, the next question would be, could the 1994 damages question have been litigated in the 1997 proceedings? For the reasons in the brief, I would say that the answer to that is yes. In fact, there's no way to litigate whether aftershock caused the damage without simultaneously litigating what was caused by the Northridge earthquake because it's the same house, the same damage. It's a zero-sum game. That's all that I have, unless there are any questions. I don't have any questions. No, I think not. Thank you very much. Mr. Dimon. Just briefly, Your Honors. Also included in the appeal, the district court was asked to relieve the quarries from the judgment so that they may file an amended complaint to include a cause of action for declaratory judgment to litigate the issue, the facts leading up to Reyes Judicata. I respect to submit that the record can be picked at and pull things out from whatever to make whatever persuasive argument any party wishes to do. Again, the California legislature made findings regarding the victims of the Northridge earthquake. Again, the quarries paid the premiums. They did everything they were supposed to do. In some, again, perhaps they would have been better off doing nothing and they wouldn't find themselves in this morass. Yes, I would agree with my colleague that there is a request here for this court to go away from this total conventional straight-line analysis to take into consideration a special statute that was passed for a special reason. This is an unprecedented calamity in our lives. People are trying to recover from it. The quarries are the type of people for which this statute was written and they should have that opportunity to have their claim adjusted and paid. Otherwise, again, the legal system will have them on the outside looking in because they tried to help themselves. And on that basis, I would respect the request that this court reverse the judgment of the district court. Thank you very much. Counsel, we appreciate your argument in this matter and the matter just heard will be submitted. And we'll turn next to Holmstead v. Hazlett.
judges: Rymer, Graber, Molloy